IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL CHIPPOLLA, ) | |
| ) | |
| Petitioner, ) | Case No. CV-05-109-S-BLW |
| ) | |
| v. ) | **INITIAL REVIEW ORDER** |
| ) | |
| Superintendant of SAWC, JERRY ) | |
| JOHNSON; and Director of Prisons, ) | |
| TOM BEAUCLAIR, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner Michael Chippolla filed a Petition for Writ of Habeas Corpus on March 4, 2005. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

**I.**

**BACKGROUND**

As a result of entering into a plea agreement, Petitioner was convicted of several state criminal charges in the Third Judicial District Court of the State of Idaho on April 5, 1994. Petitioner did not file a direct appeal, but filed a Rule 35 motion on June 30, 1994, which was denied on August 3, 1994; a post-conviction application, which was filed on October 7, 1994, and disposed of on December 17, 1996; and a motion to withdraw his

INITIAL REVIEW ORDER 1

guilty plea, which was filed on June 24, 2003, and was disposed of by denial of a petition for review on September 9, 2004.[1]  The motion to withdraw his guilty plea was deemed untimely by the state courts.

In his current federal Habeas Corpus Petition, Petitioner wishes to challenge various aspects of his state conviction and sentence.

## II.

## REVIEW OF PETITION

**A.     Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a).  The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal.  Rule 4 of the Rules Governing Section 2254 Cases.  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id*.

---

[1]The Ninth Circuit has determined that, when a state supreme court rule provides that a state supreme court opinion is not final until a number of days after the decision is rendered, the case is still "pending" during that time period for purposes of calculating tolling under § 2244(d)(2).  *See Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002).  In Idaho, Idaho Appellate Rule 38(b) provides: "Opinions shall become final 21 days after the date of the last of the following events: (1) the announcement of the opinion; (2) the announcement of the opinion on rehearing; (3) the announcement of a modified opinion without a rehearing."   When the "opinion has become final in accordance with this rule, the Clerk of the Supreme Court shall issue and file a remittitur." Idaho Appellate Rule 38(c).

INITIAL REVIEW ORDER  2

**B.     Discussion**

It is unclear from the Petition whether the claims have been properly exhausted or whether the Petition was timely filed.  It is necessary for the Court to review portions of the state court record to resolve these issues, and it would also be helpful to have briefing from Respondent Jerry Johnson in this matter.  Therefore, the Court will order the Clerk to serve a copy of the Petition on counsel for Respondent Jerry Johnson, who may respond either by answer or pre-answer motion and who shall provide relevant portions of the state court record to this Court.

At this time, the Court will deny Petitioner's request for appointment of counsel.  There is no constitutional right to counsel in a habeas corpus action.  *Coleman v. Thompson,* 501 U.S. 722, 755 (1991).  A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases.  After Respondent files the response, the Court will reconsider Petitioner's request if an evidentiary hearing is needed or if it otherwise serves the interests of justice.

Given Petitioner's status as a *pro se* litigant, the Court provides the following habeas corpus standards of law which may apply to Petitioner's case, depending on Respondent's response.

1.     Statute of Limitations

The Petition in this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996.  Under AEDPA, petitioners have

INITIAL REVIEW ORDER  3

a one-year statute of limitations period within which to file a federal habeas corpus petition. The one-year period usually begins to run from the date the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The statute provides tolling (stopping) of the one-year period for all of "[t]he time during which a properly filed[2] application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that a petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitations period.

The limitations period also may be equitably tolled under exceptional circumstances. For equitable tolling to be applicable, a petitioner must show that extraordinary circumstances beyond his control made it impossible to file the habeas

---

[2] Only "properly-filed" state court post-conviction or other collateral review applications will toll the federal habeas corpus statute of limitations. In *Artuz v. Bennett*, 531 U.S. 4 (2000), the United States Supreme Court determined that a *properly filed* application which tolls the statute of limitation is defined as follows:
> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record.... And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

531 U.S. at 8-9 (citations omitted). Under *Artuz v. Bennett*, if the federal court finds that a prior state court action was improperly filed, that state court action will not be deemed to have tolled or stopped the statute of limitations, and the federal court may deem the federal petition untimely, as a result. It is also important to note that prior federal habeas corpus petitions dismissed without prejudice do not toll or stop the statute of limitation for a later petition. *Duncan v. Walker*, 533 U.S. 167 (2001) (construing 28 U.S.C. § 2244(d)(2)).

INITIAL REVIEW ORDER  4

petition in time.  *See Miles v. Prunty*, 187 F.3d 1104 (9th Cir. 1999); *see also Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (holding that lack of access to AEDPA materials in prison may either equitably toll the statute or may constitute a state-created impediment that delays the beginning of the one-year period under 28 U.S.C. § 2244(d)(1)(B)).

    2.    <u>Exhaustion and Procedural Default</u>

In addition to satisfying AEDPA's statute of limitations requirement, a petitioner must also have "exhausted" his state court remedies before pursuing a claim in a federal habeas petition.  28 U.S.C. § 2254(b).  To exhaust a claim, a habeas petitioner must first have fairly presented it to the highest state court for review in the manner prescribed by state law.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim.  28 U.S.C. § 2254(b)(2).

Petitioner must also be mindful that state remedies are considered technically exhausted, but not *properly* exhausted, if he failed to pursue a federal claim in state court and there are no remedies now available.  *O'Sullivan*, 526 U.S. at 848.  A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground.  *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).  Under these circumstances, the claim is considered to have been "procedurally

INITIAL REVIEW ORDER  5

defaulted." *Coleman,* 501 U.S. at 731.  A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard.  *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent.  *Murray v. Carrier*, 477 U.S. at 496.  To satisfy this standard, a petitioner must make a colorable showing of factual innocence.  *Herrera v. Collins*, 506 U.S. 390, 404 (1993).  Where the defendant pled guilty and did not have the evidence in his case evaluated by a jury, the petitioner must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . .

INITIAL REVIEW ORDER  6

.".  *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Jaramillo v. Stewart*, 340 F.3d 877 (9th Cir. 2003) (leaving open the question of whether AEDPA raised the *Schlup* "more likely than not" standard to a "clear and convincing evidence" standard).

      3.      <u>Claims Proceeding on Merits</u>

For any of Petitioner's claims that meet these procedural requirements and proceed on the merits, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Clerk of Court shall serve a copy of the Petition (Docket No. 1), with exhibits, together with a copy of this Order, on the Attorney General for the State of Idaho on behalf of Respondent, as follows:

    L. LaMont Anderson
    Office of the Idaho Attorney General
    P.O. Box 83720
    Boise, ID 83720-0010,

INITIAL REVIEW ORDER  7

either by mail or via the electronic case filing system.

IT IS FURTHER HEREBY ORDERED that Respondent shall file an answer or other appropriate pre-answer motion conforming in all respects to the Rules Governing Section 2254 Cases in the United States District Courts within 60 days after entry of this Order.  Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state trial record that have been transcribed previously which are relevant to a determination of the issues presented.

IT IS FURTHER HEREBY ORDERED that any state court pre-sentence evaluation reports shall be filed under seal of this Court without an accompanying motion.

IT IS FURTHER HEREBY ORDERED that Respondent and Petitioner shall file any motions for summary judgment within 90 days after entry of this Order.  A motion for summary judgment shall fully brief all claims and issues raised in the Petition and contain appropriate citations to the record.  Responses to such motions shall be due within 30 days after service of motions; reply briefs shall be due within 14 days after service of responses.  These deadlines supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

INITIAL REVIEW ORDER  8

IT IS FURTHER HEREBY ORDERED that no discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

IT IS FURTHER HEREBY ORDERED that the parties need not file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions which are meritless; or (3) notices of intent not to file a reply.  If additional briefing is required on any motion, the Court will order it.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rule 7.2.  ("*Ex parte*" means that a party has  provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil

INITIAL REVIEW ORDER  9

Procedure 7, 10 and 11, and Local Rules 5.1 and 7.1.  The Court will not consider requests made in the form of letters.

    IT IS FURTHER HEREBY ORDERED that Petitioner shall at all times keep the Court and Respondent advised of any changes in address.  Failure to do so may result in dismissal of this action without further notice.

    IT IS FURTHER HEREBY ORDERED that Petitioner's request for counsel, contained in his Petition (Docket No. 1), is DENIED.

    DATED:  **May 5, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

INITIAL REVIEW ORDER  10