IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MICHAEL CHIPPOLLA, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-109-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| Superintendant of SAWC, JERRY | ) | |
| JOHNSON; and Director of Prisons, | ) | |
| TOM BEAUCLAIR, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus action is Respondents' Motion for

Summary Dismissal (Docket No. 6).  The Motion is now fully briefed.  Based upon the

parties' written arguments, and a review of the record in this case, the Court concludes

that oral argument is unnecessary.  Accordingly, the Court enters its Order granting the

Motion and dismissing Petitioner's Petition with prejudice.

## BACKGROUND

As a result of entering into a plea agreement with the State in the Third Judicial

District Court of the State of Idaho, Petitioner was convicted of possession of a controlled

substance with intent to deliver and eluding a police officer, on April 5, 1994.  *See State's*

*Exhibit A-1*.  Petitioner did not file a direct appeal, but he filed a Rule 35 motion on June

30, 1994, which was denied on August 3, 1994.  He next pursued a post-conviction

MEMORANDUM ORDER  1

application, which was filed on October 7, 1994, and disposed of on December 17, 1996.
*See State's Exhibits B-1 through C-7.*

Petitioner was released on parole, but his parole was later revoked. *State's Exhibit D-3*, pp. 1-2. He next filed a motion to withdraw his guilty plea on June 24, 2003. He argued that he should be entitled to withdraw his guilty plea because the 253 days he spent on parole should have been credited toward his sentence. The motion was deemed untimely by the state courts, and was finally disposed of by denial of his petition for review on December 9, 2004, with the remittitur issued on January 18, 2005. *See Petitioner's Petition*, at pp. 9-13 (Docket No. 1). Petitioner's federal Habeas Corpus Petition was filed on March 4, 2005.

In his federal Petition, Petitioner wishes to challenge the following aspects of his state conviction and sentence as a result of the forfeiture of parole time:

1.  The state, represented by the parole board, violated the plea agreement by not crediting his sentence with 253 days of street time on parole before he violated parole. He asserts that this has lengthened his sentence beyond 10 years.

2.  Petitioner asserts that his "substantial rights [were] affected" when the parole board lengthened his 10-year sentence by 253 days.

3.  Petitioner asserts that the additional 253 days constitutes "reversible error" under *U.S. v. Barrio-Gutierrez*, 218 F.3d 1118, 1121-22 (9th Cir. 2000), because the state court failed to notify him of the "supervised release term."

4.  Petitioner relied upon counsel when counsel assured him that the sentence would not be longer than 10 years; it is now 253 days longer than plea agreement sentence.

5.  Petitioner is entitled to specific performance or withdrawal of his plea.

MEMORANDUM ORDER  2

6.      The state breached the plea agreement, and the public defender, State, and court gave him "false promises."  This breach violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.

7.      The government must bear responsibility for any lack of clarity in the terms and any ambiguity must be construed in favor of the defendant.  Petitioner was under the impression that the 10-year sentence in the plea agreement could not be changed.

8.      Petitioner's plea was not voluntary, knowing, and intelligently made because he thought he was pleading to a sentence with a 10-year maximum.

9.      If a plea rests on a promise or an agreement by the prosecutor, so that it could be said to be part of the inducement or consideration, such a promise must be fulfilled.  *Santobello v. New York*, 404 U.S. 257, 262 (1971).

10.     The state violated Petitioner's due process right and right to be heard by retroactively applying *State v. Jakoski*, 79 P.3d 711 (Idaho 2003), to his case.

11.     The prosecution bargained in bad faith, shown by the parole board's later failure to apply the 253 days' street time to his 10-year sentence.

12.     Extending Petitioner's ten-year sentence by 253 days is cruel and unusual punishment under the Eighth Amendment.  It is also successive punishment for the same crime.

13.     The public defender was ineffective when he arranged the plea and made promises to Petitioner that were not kept.  *Hill v. Lockhart*, 877 F.2d 698 (8th Cir. 1998).

## MOTION FOR SUMMARY DISMISSAL

**A.      Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily

dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

MEMORANDUM ORDER  3

district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1] A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id.* Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties. The Court now reviews Petitioner's individual claims.

**B.     Claim 10**

Petitioner's tenth claim, that the state court improperly retroactively applied *State v. Jakoski*, 79 P.3d 711 (Idaho 2003), to his case, is not cognizable on habeas corpus review, and is subject to dismissal. In *Jakoski*, the Idaho Supreme Court held that a state district court did not have jurisdiction to entertain an Idaho Criminal Rule 33 motion to withdraw a guilty plea made more than six years after judgment. *Id.* at 712. This claim is not cognizable because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994) (noting that generally federal habeas corpus is unavailable for alleged errors in interpretation and application of state law).

**C.     Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12 & 13**

---

[1]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

MEMORANDUM ORDER  4

Respondent contends that some of Petitioner's other claims are noncognizable because they do not state a federal issue; but, of these, a federal issue can be inferred from Petitioner's pro se Petition under the Ninth Circuit's requirement that the Court liberally construe a pro se plaintiff's pleadings. *See Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005) (a petition from a state prisoner "who is proceeding pro se may be viewed more leniently for exhaustion purposes than a petition drafted by counsel").

Respondent also contends that some of the claims are procedurally defaulted. If the claims are procedurally defaulted, Petitioner must be afforded an opportunity to show cause and prejudice to excuse the procedural default. A showing of "prejudice," in many instances, is akin to a merits determination.

Because a merits determination seems the most efficient way to review Petitioner's issues, the Court will perform a merits review. The United States Supreme Court has held that federal courts are not required to address a procedural default issue before deciding against the petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518 (1997). Where the question of procedural default presents a complicated question of law and is unnecessary to a disposition of the case, a court may proceed to the merits. *Id*. at 525; *Hudson v. Jones*, 351 F.3d 212 (6th Cir. 2003); *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir.1997); *cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *cf. Franklin v. Johnson*, 290 F.3d 1223

MEMORANDUM ORDER  5

(9th Cir. 2002) (Courts of appeals do not have to address procedural issues "if the ultimate dismissal of the petition is a foregone conclusion.").

**D.     Merits of Petitioner's Claims**

       1.     <u>Habeas Corpus Standard of Law</u>

Petitioner's federal case was filed after April 24, 1996, making it subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  In order to obtain federal habeas corpus relief from a state court judgment under AEDPA, the petitioner must show that the state court's adjudication of the merits of his federal claim either:

      (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

      (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

       2.     <u>No Controlling U.S. Supreme Court Precedent Exists on the Issue of Parole "Street Time" Forfeiture</u>

The Court's initial task is to identify controlling United States Supreme Court precedent available when, in 2004, the Idaho Supreme Court denied review of Petitioner's appeal of the denial of his motion to withdraw his guilty plea based on the parole "street time" forfeiture.  At the basis of each of Petitioner's claims is that parole "street time" forfeiture is in some way unconstitutional.  Petitioner has not identified any United States Supreme Court case that supports this position.  Likewise, the Court is unaware of any such case from its own research.  Cases applicable by analogy do not support Petitioner's

position.  However, the Supreme Court has rejected a similar challenge in the context of reinstating an original sentence without credit for probation time upon revocation of probation.  In *Roberts v. U.S.*, 320 U.S. 264, 272-73 (1943), the Supreme Court held that it was constitutional for federal courts to suspend imposition of a sentence pending probation and later impose the original sentence upon revocation of probation under a federal statutory scheme.

The Ninth Circuit has similarly held.  *See U.S. v. McDonald*, 611 F.2d 1291, 1295 (9th Cir. 1980) (the court found it constitutional for a court to suspend imposition of a sentence, and then to impose any sentence originally possible following revocation of probation under a federal statute); *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1993) (the court upheld as constitutional a forfeiture of five years' probation time when an Idaho state court imposed an originally withheld sentence of twenty years after a probation revocation).

3.    Eighth Amendment

Most of Plaintiff's claims, including his Eighth Amendment claim, fail because he has not shown that the forfeiture of parole time *increased* his sentence.  Cases from courts addressing this issue have nearly universally held that a forfeiture of street time does *not* increase one's sentence. The Court is not aware of any case law supporting the argument that the Eighth Amendment is violated when a parolee forfeits 253 days on a 10-year sentence.  The lower courts that have addressed the issue of parole forfeiture have all concluded that there is no Eighth Amendment violation because the sentence is not

MEMORANDUM ORDER  7

"increased or extended," but "merely . . . interrupted and deferred by the fact of [a] conditional release."  *Woods v. Steiner*, 207 F. Supp. 945, 952 (D. Ma. 1962); *Ex parte Hallmark*, 883 S.W. 2d 672 (Tex. Crim. App. 1994).

      4.    <u>Fifth Amendment Double Jeopardy</u>

      Similarly, courts addressing claims that parole forfeiture is a Fifth Amendment double jeopardy violation have universally rejected that argument.   For example, in *Van Buskirk v. Wilkinson*, 216 F.2d 735 (9th Cir. 1954), the Court reasoned:

> [The legislature] has the power to prescribe such punishment as it may see fit for violation of its valid criminal statutes. If the punishment is imprisonment, [the legislature] may specify how and in what manner the imprisonment shall be served. And any curtailment of punishment, such as allowance of time off for good conduct, may be coupled with conditions.
> When appellant was conditionally released, he became subject to all the provisions of law relating to parole, one of which was that if he violated his parole he should again be taken into custody and the time spent on parole should not diminish the time he was originally sentenced to serve. The allowance of credit for time served outside the penitentiary on parole status was conditioned on continuance of his good behavior. By his own misconduct he breached the condition and forfeited allowance for time served on parole. When he was again taken into custody he began service of the remaining portion of his sentence which had been provisionally deferred. Such added service, under the statutory conditional release plan, was potentially a part of his original sentence and hence did not increase his sentence nor subject him to double jeopardy.

*Id*. at 738.

      5.    <u>Voluntariness of Guilty Plea, Promises of Prosecutor, and Ineffective Assistance of Counsel</u>

      In order for a guilty plea to satisfy due process, it must be knowingly, intelligently, and voluntarily made, which requires "'a full understanding of what the plea connotes and

of its consequences.'"  *U.S. v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) (quoting

*Boykin v. Alabama*, 395 U.S. 238, 244 (1969)).  "The defendant need not understand

every collateral consequence of the plea, but need only understand its direct

consequences."  *Id.  See also Varela v. Kaiser*, 976 F.2d 1357 (10th Cir. 1992) ("Actual

knowledge of the consequences that are collateral to the guilty plea is not a prerequisite to

the entry of a knowing and intelligent plea."); *Mabry v. Johnson*, 467 U.S. 504, 509

(1984) ("a plea of guilty entered by one fully aware of the direct consequences, including

the actual value of any commitments made to him by the court, prosecutor, or his own

counsel, must stand unless induced by threats (or promises to discontinue improper

harassment), misrepresentation (including unfulfilled or unfulfillable promises), or

perhaps by promises that are by their nature improper as having no proper relationship to

the prosecutor's business (e.g. bribes).").

     It is clear that Petitioner's guilty plea was not in violation of *Boykin*, *Mabry,* or

other United States Supreme Court precedent.  Whether Petitioner would later be paroled,

whether he would violate parole, and whether he would forfeit his "street time" are all

issues that are collateral and were unforeseeable the time Petitioner entered his guilty

plea.  Petitioner has not alleged that he was induced to plead guilty based on any

discussion or promise regarding parole or parole "street time" forfeiture.

     Petitioner's case citations do not support his contentions that his plea was not

knowing, intelligent, and voluntary; that his counsel was ineffective; or that the

prosecutor made false promises to him.  One of Petitioner's cases, *U.S. v. Barrios-*

MEMORANDUM ORDER  9

*Gutierrez*, 218 F.3d 1118 (9th Cir. 2000), was superseded on reconsideration *en banc* in

*U.S. v. Barrios-Gutierrez*, 255 F.3d 1024 (9th Cir. 2001), on the very point for which

Petitioner cites it.  Contrary to his position, the *en banc* court held that the trial court did

not need to inform the petitioner of the possibility of an enhancement at the guilty plea

hearing, but need inform him only of the maximum possible penalty.  255 F.3d at  1029.

The *en banc* court explained the type of information that must be provided at a plea

hearing on federal criminal charges in order to render the guilty plea knowing and

intelligent, the reasoning of which applies by analogy here:

> At every plea hearing, a great deal of uncertainty remains as to what
> the sentence will be: the applicability of sentence enhancements or
> downward adjustments; the contents and recommendations of the
> Presentence Investigation Report; either party's objections to the report and
> the judge's rulings thereon; and the effect of the sentencing guidelines.  *See*
> Fed. R. Crim. P. 11(c) *advisory committee's note* (1989).  Not inconsistent
> with this uncertainty is whether a sentence enhancement pursuant to §
> 1326(b)(2) applies.  Whether an enhancement applies as a matter of fact, as
> a matter of law, or whether its application is merely a possibility are
> distinctions without significance at a Rule 11 hearing.  The essential
> ingredient is notice of "the maximum possible penalty provided by law...."
> Fed. R. Crim. P. 11(c).  The precise sentence up to the maximum is
> typically determined by the trial court at a formal sentencing hearing a
> month or more later.
>
> Rule 11 does not require that the district court announce authoritatively the
> *actual* maximum sentence at the plea-taking stage.  On the contrary, it
> would belie the plain meaning of Rule 11(c).  It includes the word
> "possible," which means "being something that may or may not occur."
> Webster's Ninth New Collegiate Dictionary 918 (1986).  Having been
> informed by the court that if § 1326(b)(2) applied his maximum possible
> sentence would be twenty years, Barrios-Gutierrez was informed at the time
> he pleaded guilty that he "may or may not" receive the maximum sentence
> of twenty years.  *We are satisfied, therefore, that Barrios-Gutierrez had the
> necessary information to enter an informed and intelligent plea*.  The
> district court met the requirements of Rule 11(c) by informing Barrios-

MEMORANDUM ORDER  10

> Gutierrez that he faced a maximum twenty-year sentence and by
> determining that he understood this to be the maximum possible penalty.

*Id*. at 1027-28 (emphasis added).

It is for the same reason that Petitioner's remaining arguments fail.  Petitioner does not allege that he did not know the maximum possible sentence when he pled guilty; the myriad of other collateral consequences and possibilities did not need to be made known to him in order to render his plea knowing, intelligent, and voluntary.

In *Santobello v. New York*, 404 U.S. 262 (1971), the Court held that a guilty plea must be "voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known."  *Id*. at 261-62.  A promise that a sentence will be a maximum number of years need not presuppose that the sentence might later include parole, that the petitioner might violate parole, or that the Parole Commission might require forfeiture of time spent on parole.  Petitioner is hard-pressed to argue that any "promise" by his defense attorney and the prosecutor should have contemplated that petitioner would violate parole.  *Cf. Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) (In denying future injunctive relief against officers in civil rights action who may violate the plaintiff's rights on arrest, the Court noted: "It was to be assumed that [plaintiffs] will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by petitioners.'").  *Id*. at 497.

MEMORANDUM ORDER  11

Petitioner's case is also distinguishable from the ineffective assistance of counsel cases cited in his briefing.  For example, in *Hill v. Lockhart*,  894 F.2d  1009 (8th Cir. 1990) (*en banc*), the defendant *particularly asked* his attorney about parole eligibility date *prior to* the plea hearing and made it known to his attorney that the answer to that question was *the dispositive issue* for him in accepting or rejecting the plea agreement. *Id*. at 1010.  Petitioner makes no allegation here that he asked his counsel about parole (or that he informed his counsel that he intended to violate parole) so that his counsel could tell him about parole forfeiture.  There is certainly no indication in this case that Petitioner would have forgone the plea agreement and proceeded to trial had he known of the parole "street time" forfeiture provision of the law.

Petitioner's case is also distinguishable from *Iaea v. Sunn*, 800 F.2d 861 (9th Cir. 1986).  In that case, the following occurred:

> To convince him to accept the plea bargain, defense counsel told him that she thought his chances of acquittal if he went to trial were slight and that if he was convicted, he would be subject to Hawaii's minimum sentencing law.  Although she never guaranteed that he would receive probation, she told him, his wife and his brother on several occasions that there was a good chance of his getting probation if he accepted the plea bargain.  Defense counsel also told Iaea that the chance of his getting an extended sentence was "almost zero" and that he "could almost not consider it," but informed him that sentencing was in the discretion of the judge.

*Id*. at 863.  After such advice, the defendant received a life sentence.  The case was remanded for the district court to determine whether there was a reasonable probability he would not have pled guilty had he known that his counsel's advice about the possible

MEMORANDUM ORDER  12

sentences was seriously in error.  Petitioner's case is distinguishable because no such

serious discrepancy about the direct consequences of his plea is alleged.

      6.    <u>Conclusion</u>

      Based upon the foregoing, the Court concludes that Petitioner has failed to show

that the state court decision in his case is contrary to or an unreasonable application of

clearly-established federal law as determined by the United States Supreme Court.  As a

result, Petitioner's Petition is subject to denial and will be dismissed with prejudice.

<b>ORDER</b>

      NOW THEREFORE IT IS HEREBY ORDERED that Respondents' Motion for

Summary Dismissal (Docket No. 6) is GRANTED.  Petitioner's Petition is DISMISSED

with Prejudice.



DATED:  **March 31, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

MEMORANDUM ORDER  13